IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael F. SWENSEN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Michael F. SWENSEN, Respondent.

Supreme Court

*No. 2008AP553–D. Decided July 31, 2008.*

2008 WI 113

(Also reported in 754 N.W.2d 499.)

¶ 1. PER CURIAM. This is a reciprocal discipline matter. On March 5, 2008, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to SCR 22.22 requesting that this court revoke the license of Attorney Michael F. Swensen as reciprocal discipline identical to that imposed by the Minnesota Supreme Court. That court disbarred Attorney Swensen from the practice of law on November 15, 2007. The OLR's complaint notes that Attorney Swensen failed to notify the OLR of the Minnesota disciplinary action within 20 days of the effective date of that order in violation of SCR 22.22(1).[1] The OLR first learned of Attorney Swensen's Minnesota disbarment on January 8, 2008, by letter from Attorney Swensen.

¶ 2. On March 6, 2008, this court issued an order directing Attorney Swensen to show cause in writing by March 20, 2008, why the imposition of the identical discipline imposed by the Minnesota Supreme Court would be unwarranted. Attorney Swensen and the OLR have filed a stipulation that jointly requests this court revoke Attorney Swensen's license to practice law in Wisconsin. This court approves the stipulation and revokes Attorney Swensen's Wisconsin law license.

¶ 3. Attorney Swensen was admitted to practice law in Wisconsin in 1994 and became licensed to practice law in Minnesota in 1991. Attorney Swensen's

---

[1] SCR 22.22(1) states:

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

Wisconsin law license is currently under suspension for failure to comply with mandatory continuing legal education requirements and failure to pay State Bar of Wisconsin dues.

¶ 4. Attorney Swensen's Minnesota disbarment resulted from conduct which included the conversion of rental payments and sale proceeds due to a client; inducing his client to transfer the client's property interests to the attorney's spouse; making false statements to the client and a third party; falsely drafting, notarizing, and signing documents; and engaging in business transactions with a client on unreasonable and undisclosed terms without advising the client in writing to seek independent counsel and without obtaining the client's written consent to the transactions.

¶ 5. Under SCR 22.22(3),[2] in reciprocal discipline cases, this court shall impose the identical discipline unless three exceptions are shown. Attorney Swensen has stipulated that he does not claim any of the exceptions articulated in SCR 22.22(3). Attorney Swensen further stipulates that he admits to the facts and misconduct alleged by the OLR. He verifies that he fully understands the ramifications should the court impose

---

[2] SCR 22.22(3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

31

the stipulated level of discipline, and fully understands his right to counsel along with his right to contest the matter. He states his stipulation is knowingly and voluntarily made and did not result from plea bargaining. Attorney Swensen and the OLR jointly request this court revoke Attorney Swensen's Wisconsin law license. This court approves the stipulation and imposes the stipulated discipline of revocation of Attorney Swensen's license to practice law in Wisconsin.[3]

¶ 6. IT IS ORDERED that the license of Michael F. Swensen to practice law in Wisconsin is revoked, effective the date of this order.

¶ 7. IT IS FURTHER ORDERED that Attorney Swensen shall comply, if he has not already done so, with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been revoked.

---

[3] The OLR states that it does not seek costs due to Attorney Swensen's cooperation in the litigation process. No costs are imposed.